**STATE of Missouri, Respondent,**

v.

**Michael SMITH, Appellant.**

**No. 59903.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 23, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 24, 1993.

Application to Transfer Denied
May 25, 1993.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulber, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

Defendant, Michael Smith, appeals his conviction of illegal delivery of a controlled substance, heroin, § 195.211 RSMo Cum. Supp.1991. The court sentenced defendant as a prior and persistent offender to ten years imprisonment to be served concurrently with a sentence in another cause.

We previously considered defendant's two claims of error which were presented in support of a request for new trial. We summarily rejected a claim of error in denial of a mistrial where the arresting officer testified he conducted a record check after the arrest. There was no evidence that the record check produced facts unfavorable to the defendant. Accordingly, we again find no merit in this claim of error.

Defendant's remaining claim was that the court erred in not requiring a *Batson* hearing where there was an available prima facie case and the court did not require the state to explain using five out of six preemptory strikes against members of defendant's race. We transferred this case to the Supreme Court pending a decision in

*State v. Parker*, 836 S.W.2d 930 (Mo. banc 1992). As a result of the *Parker* decision, the Supreme Court retransferred this case to the Eastern District. We then remanded with instructions to hold an evidentiary hearing consistent with the decision in *Parker*. This appeal follows the hearing, presentation of the record of the hearing and supplement briefs by the parties.

When a defendant institutes a *Batson* challenge, a hearing must be held and the prosecutor must give race neutral reasons for striking jurors. The focus of the court's examination of the reasoning of the prosecutor is upon the plausibility of the prosecutor's explanation in view of the totality of the facts and circumstances of the case. *Parker*, 836 S.W.2d at 934. Because much turns on credibility, trial judges are vested with considerable discretion in determining whether defendant established purposeful discrimination. *Id.* "Ordinarily, it is the trial court's duty to access the prosecutor's explanations, and an appellate court may not reverse unless the trial court's findings are clearly erroneous." *State v. Butler*, 731 S.W.2d 265, 271 (Mo.App.1987).

Defendant claims Ms. Burnett, the first member of the venire, was improperly struck. She was 72 years old and retired. The prosecutor claimed the venireperson was unresponsive and seemed to favor defense counsel. The record indicates the venireperson was reluctant to answer a question regarding her children. Although defendant claims another on the panel was similarly situated, that individual appeared more responsive to the prosecutor. *See Parker*, 836 S.W.2d at 940. With respect to Ms. Burnett, the court's ruling was not clearly erroneous.

The second venire challenge involves Ms. Dukes. The prosecutor testified she was struck because she had involvement with the judge, thought police would lie and had previous bad experiences with police officers. The court based its ruling on the bad experiences the individual had with police. The main witness was a police officer. Therefore, the record supports the court's decision to accept this as a valid, non-discriminatory reason to strike.

The ruling upholding this strike was not clearly erroneous.

According to the testimony of the prosecutor, venireperson Echols was struck because she identified with the defense attorney. Ms. Clark was struck because she had been robbed and was not completely satisfied with the work of the police. The court found these to be sufficient race neutral reasons for striking the venireperson. The record does not indicate this was a clearly erroneous decision.

Finally, Mr. Blair was struck because he found it difficult to convict with only one witness and was quick to respond affirmatively when asked by defense counsel if innocent people could be arrested. Because the case involved this problem, the court was not erroneous in finding this to be a proper ground for striking this venireperson.

Defendant makes numerous references to the fact that the prosecutor had no notes with him at the hearing. This, however, is a matter of credibility which is a question for the court.

Judgment affirmed.

SMITH, P.J., and AHRENS, J., concur.